**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

QINGYUN LUO,

                Petitioner,

      v.

LUIS SOTO, et al.,

                Respondents.

Civil Action No. 26-5228 (JXN)

**OPINION**

**NEALS**, District Judge

Before the Court is Petitioner Qingyun Luo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging her continued detention. (ECF No. 1.) Respondents ("Government") filed an opposition to the Petition (ECF No. 5), Petitioner replied (ECF No. 6), the Government responded (ECF No. 7), and Petitioner again replied (ECF No. 8). Petitioner filed a letter update (ECF No. 9), the Government responded (ECF No. 10), and Petitioner replied (ECF No. 11). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is dismissed without prejudice for lack of jurisdiction.

I.     **BACKGROUND**

Petitioner, a native of the Peoples Republic of China ("PRC"), entered the United States on a B-2 visitor for pleasure visa on July 6, 2023, with authorization to remain until January 5,

2024. (Gov't Opp'n at 1, ECF No. 5; *see* Record of Alien at *2,[1] ECF No. 5-1.) Although the visa expired, Petitioner remained in the United States. (Gov't Opp'n at 1; *see* Record of Alien at *2.) On May 5, 2026, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner while in the custody of Nassau County Police Department following her arrest on charges of unauthorized practice of profession. (Record of Alien at *2.) ICE agents arrested Petitioner pursuant to an I-200 Warrant for Arrest and issued a Notice to Appear ("NTA") charging her as removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B). (*See id.*; Notice to Appear, ECF No. 5-2.)

Before filing a motion with the Executive Office of Immigration Review ("EOIR") to schedule a bond hearing, Petitioner filed the instant Petition on May 8, 2026 seeking her immediate release from custody. (*See* Habeas Pet., ECF No. 1; Gov't Opp'n.) In her Petition, Petitioner argues that her immigration detention violates her Fifth Amendment due process rights and her Sixth Amendment right to a speedy trial in her state court criminal proceedings. (*See* Habeas Pet. at *6–9.) The Government filed a response arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and because she failed to motion for a bond hearing before an immigration judge ("IJ"), this Court lacks jurisdiction to consider her habeas petition. (*See generally* Gov't Opp'n.)

On June 9, 2026, Petitioner filed a letter indicating that she received a bond hearing and the IJ denied her bond, finding her a danger to the community. (*See* Pet.'s Letter, ECF No. 9.) Petitioner again argues that her civil detention is preventing her from resolving her criminal charges in violation of her Fifth and Sixth Amendment right to access the state courts. (*See id.*) The Government filed a response, arguing that the Petition remains unexhausted because Petitioner can appeal her bond denial to the Board of Immigration Appeals ("BIA"). (*See* Gov't Resp. to

---

[1] Pincites preceded by an asterisk (*) use ECF pagination.

Letter, ECF No. 10.) Petitioner replied, arguing that she is "substantially prejudiced and irreparably harmed by her continued detention and need no further exhaust administrative remedies by waiting for the adjudication of a futile BIA appeal." (Pet. Reply at *4, ECF No. 11.) Petitioner argues that the BIA lacks the authority to grant relief on Petitioner's Fifth and Sixth Amendment claims. (*Id.* at *3.)

## II.     <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner has the burden to show that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.     <u>DISCUSSION</u>

In her Petition, Petitioner challenges her ongoing detention under 8 U.S.C. § 1226(a). (ECF No. 1.) Under § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Zheng v. Rokosky*, No. 26-1689, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings

would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the BIA. *See, e.g., Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279.

Here, an IJ denied Petitioner bond, and Petitioner does not dispute that she has not appealed that decision to the BIA. (*See* Pet.'s Letter; Pet.'s Reply.) Rather, Petitioner argues that appealing to the BIA would be futile, as the BIA cannot consider Petitioner's constitutional claims. (*See* Pet.'s Reply.)

"Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)). This is true even where an immigration detainee "is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal]." *Duvall*, 336 F.3d at 233. As

4

exhaustion is jurisdictional, a habeas petitioner's failure to exhaust his claim before the immigration court "is fatal to the District Court's jurisdiction over [a] habeas petition." *Id.*

Under § 1226(a) and its implementing regulations, a noncitizen detained under § 1226(a) may (1) request a bond redetermination hearing before an IJ, 8 C.F.R. § 236.1(d); or (2) appeal the IJ's bond decision to the BIA, 8 C.F.R. § 236.1(d)(3).

Petitioner argues that requiring her to exhaust her claims before the immigration court would be futile because the BIA lacks the authority to address her Fifth and Sixth Amendment constitutional claims. (*See* Pet.'s Resp. at 2–3, ECF No. 6; Pet.'s Reply.) Petitioner claims that because she is in immigration detention, she cannot participate in having her state court criminal charges dismissed. (Pet.'s Resp. at 2.) Petitioner argues that "open criminal charges are typically grounds for bond denial." (*Id.*) Therefore, Petitioner claims that by subjecting her to immigration detention, the Government is "functionally preventing her from successfully being released on bond before an IJ." (*Id.*)

The Court finds that it would not be futile to require exhaustion before the BIA. In her Petition, Petitioner challenges the lawfulness of her detention under § 1226(a). (Habeas Pet.) Courts in this Circuit

> have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the [BIA's] decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

*Duque v. Soto*, No. 26-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.") As such, the Court lacks jurisdiction

5

to review Petitioner's challenge to the lawfulness of her detention on § 1226(a). *See Duvall*, 336 F.3d at 233 (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition.").

Petitioner argues that her immigration detention violates her Fifth and Sixth Amendment constitutional rights to appear in New York state court to participate in her criminal defense and pursue dismissal of the criminal charges against her. However, at its core the Petition is challenging whether Petitioner's immigration detention is lawful. The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). As explained above, under § 1226(a), the Government has discretion to detain a noncitizen during their removal proceedings and Petitioner has not exhausted the challenge to her detention before the BIA.

Additionally, though Petitioner argues that her arrest violated her Sixth Amendment speedy trial rights, such a violation would not entitle her to be released from federal immigration custody, which as noted above, is permitted under 8 U.S.C. § 1226(a). To the extent Petitioner has a cognizable Sixth Amendment speedy trial claim, she would first have to raise it in her state criminal proceedings before seeking federal habeas relief under § 2241.

Further, Petitioner's arguments that her immigration detention violates her Fifth and Sixth Amendment right to access the New York state court and participate in her own criminal defense do not sound in § 2241 habeas relief. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff's claims

related to her right to state court access, however, do not directly attack the *fact* or *validity* of Petitioner's immigration detention; Petitioner's claims challenge the *circumstances* of her confinement. This claim cannot be raised under 28 U.S.C. § 2241 and is more appropriately brought under 8 U.S.C. § 1983. *See Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002).

Accordingly, the Petition is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**DATED**: 6/16/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

7